UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFONZO WILLIAMS, et al,<br><br>    Defendants. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER DENYING DEFENDANT JAQUAIN YOUNG'S MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 361 |

**INTRODUCTION**

Defendant Jaquain Young seeks to suppress evidence the police found during a warrantless search of the vehicle he was driving before his arrest, including two cell phones found in the center console of the vehicle and the data on those phones. The government argues that Young lacks standing to challenge the search because he did not own the vehicle and that the search was justified by the automobile exception, the search incident to arrest exception, and the inventory search exception. As discussed below, I determine that Young has standing to challenge the search because he had a legitimate expectation of privacy in the vehicle. But the police had probable cause to search the vehicle under the automobile exception given the totality of the circumstances arising from Young's passenger's detention, so I DENY the motion to suppress.[1]

**BACKGROUND**

On March 11, 2013, Young drove to the vicinity of 48th Avenue and Point Lobos Avenue in San Francisco. According to the government, he intended to pick up a 16 year-old girl who

---

[1] In light of this conclusion, I do not reach the other arguments made by the government to support its search.

would work as his prostitute but who in fact was an undercover officer. A team of officers from the San Francisco Police Department and the FBI saw Young and a passenger, Ijeoma Ogbuagu, arrive in the area, but lost sight of them before they parked. The officers then saw Young walking, approximately one and a half blocks from where he had parked, and arrested him.

Shortly after the arrest, officers saw Ogbuagu exit the passenger side of the parked vehicle. The officers detained Ogbuagu for further investigation approximately 30 feet from the vehicle. They searched him and found a plastic bag containing a substance they believed to be marijuana in his pants pocket. They also discovered that he was on parole and had an outstanding warrant for his arrest. The police arrested Ogbuagu for violations of California Penal Code sections 186.22 (participation in a criminal street gang), 182 (conspiracy to participate in a criminal street gang), and a parole violation.

Neither Young nor Ogbuagu had the keys to the vehicle on them. An officer found the keys underneath a parked vehicle within fifteen feet of where Ogbuagu was detained. Officers searched the vehicle and seized various items found inside, including two cell phones, suspected marijuana, and suspected marijuana food product. Officers then impounded the vehicle.

## LEGAL STANDARD

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Searches conducted without a warrant "are *per se* unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967). The burden of proving that a warrantless search or seizure falls within an exception to the warrant requirement is on the government. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).

## DISCUSSION

Young moves to suppress the two cell phones that the police found in the center console of the car and the data on those phones. He argues that the warrantless search of the car did not fall within any exception to the Fourth Amendment's warrant requirement. The government responds that Young lacks standing to challenge the search and that the search was justified by the

automobile exception, the search incident to arrest exception, and the inventory search exception. I address standing and the search in turn.

**I.    STANDING**

The government argues that Young lacks standing to challenge the search of the car because he did not own the car, was not on speaking terms with its owner, relinquished control of it to Ogbuagu—a parolee with a search condition—and was not near enough the vehicle to exercise control over it.

To start with, whether Young owned the car is not dispositive; what matters is whether he "suffered an invasion of a legitimate expectation of privacy." *United States v. Portillo*, 633 F.2d 1313, 1316 (9th Cir. 1980) (citing *Rakas v. Illinois*, 439 U.S. 128 (1978)). In *Portillo*, the Ninth Circuit found that the defendant had the requisite legitimate expectation of privacy to challenge the search of a vehicle he did not own because he "had both permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner." *Id*. Young stated in a declaration that he had been given permission to drive the vehicle and had been in possession of it for at least eight years. Dkt. No. 390-2 ¶¶ 2-3. He also declared that he paid for the car's upkeep, repairs, and traffic tickets, and drove it on a regular basis. The government did not rebut any of these assertions with evidence, but indicated at oral argument that the car's owner says that Young borrowed the car from time to time and had it for six to seven days prior to the incident. Even assuming the government's oral account can be established, given that Young had permission to use the car and had it for several days prior to the incident, he had a legitimate expectation of privacy in it.

That Young left Ogbuagu alone in the car, presumably with the keys, does not eliminate Young's legitimate expectation of privacy in the car. *See, e.g., United States v. Dotson*, 817 F.2d 1127, 1135 (5th Cir. 1987) ("when a citizen loans his car to a friend for a limited period of time, the *de facto* owner or lawful possessor does not thereby lose his reasonable expectation of privacy in the vehicle") *vacated in part on other grounds* 821 F.2d 1034 (5th Cir. 1987); *United States v. Rose*, 731 F.2d 1337, 1343 (8th Cir. 1984) (defendant, who did not own car, had standing where he had permission from his sister to drive the car, even though he was only a passenger at the time

3

1  and had given his friend permission to drive).

2  The government cites *United States v. Kovac*, 795 F.2d 1509 (Cir. 1986), where the Ninth

3  Circuit held that the defendant lacked standing to challenge a search of his ex-wife's vehicle,

4  which he had permission to use. *Kovac* is easily distinguished. Unlike here, in *Kovac* the

5  defendant had only "sporadic and limited availability" to the car. *Id*. at 1511 ("Kovac's authority

6  to use the car was limited by the availability of the car for his use-the car was at his house only

7  three times in over two weeks-and, in fact, he actually used the car only once during that time.").

8  Critically, the defendant in *Kovac* did not control the car at the time in question. His ex-wife, the

9  owner of the car, was using the car; he was not present. *Id*.

10 Young has standing to challenge the warrantless search of the vehicle.

11 **II.    AUTOMOBILE EXCEPTION**

12 "Under the automobile exception to the warrant requirement, police may conduct a

13 warrantless search of a vehicle if there is probable cause to believe that the vehicle contains

14 evidence of a crime."[2] *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). There is

15 probable cause for a search where, in light of the totality of the circumstances, there is "a fair

16 probability that contraband or evidence of a crime will be found in a particular place." *United

17 States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001) (quoting *Illinois v. Gates,* 462 U.S.

18 213, 238 (1983)); *Brooks*, 610 F.3d at 1193 (citation omitted); *see also Ornelas v. United States*,

19 517 U.S. 690, 696 (1996) ("We have described . . . probable cause to search as existing where the

20 known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief

21 that contraband or evidence of a crime will be found . . . .") (citations omitted).

22 Probable cause is an objective standard: the officers' subjective intention is immaterial in

23 determining whether their actions violated the Fourth Amendment. *See Bond v. United States*, 529

24 U.S. 334, 339 n.2 (2000) ("the subjective intent of the law enforcement officer is irrelevant in

---

[2] The automobile exception is based on the reduced expectation of privacy in one's vehicle and the faster action on the part of law enforcement officials necessitated by the mobility of vehicles necessitates. *See United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001).

determining whether that officer's actions violate the Fourth Amendment"). The automobile exception permits searches of containers or packages within the vehicle. *United States v. Ross*, 456 U.S. 798, 823-24 (1982).

The government argues that the police had probable cause to believe that the car contained evidence of crimes by both Ogbuagu and Young. Given that my conclusion regarding Ogbuagu resolves Young's motion, I focus only on the circumstances concerning Ogbuagu.

The government argues that there was probable cause to believe the vehicle had evidence of a crime committed by Ogbuagu because the police found marijuana on him, he was seen exiting the vehicle after Young was arrested, there was a warrant for Ogbuagu's arrest, he was on parole, and he was associating with a known gang member (Young). Young responds that the mere fact that Ogbuagu was found with marijuana on his person does not provide a reasonable basis to believe that there would be marijuana in *Young's* vehicle, in which Ogbuagu was just a passenger. Young also argues that Ogbuagu having a warrant out for his arrest and associating with a gang member does not provide any particular reason to believe that there would be evidence of a crime in Young's vehicle.

Concerning the possession of marijuana, the closest case cited by the parties is *United States v. Davis*, 569 F.3d 813 (8th Cir. 2009), where the Eighth Circuit found probable cause to search a vehicle after police found a bag of marijuana in the driver's pocket during a pat-down search after police smelled marijuana from the vehicle. *Id*. at 815. The Eighth Circuit explained that "[i]f there had been any doubt about whether the smell of smoldering cannabis constituted probable cause to search the vehicle, such doubt was obviated by the discovery of a bag of marijuana in Davis's pocket" and permitted a search under the automobile exception. *Id*.

There are differences between this case and *Davis*. For one thing, there was no smell of smoldering cannabis here. But it would appear that the Eighth Circuit was not requiring both smell and possession for probable cause; after all, if the smell of marijuana provides probable cause, then the *actual* drug should suffice. Young notes that the defendant in *Davis* was the driver whereas Ogbuagu was merely a passenger in Young's vehicle. But merely because Ogbuagu did not own or control the vehicle does not make it unreasonable to believe that there would be

5

evidence of his crimes in the vehicle. He was a passenger, and courts routinely consider evidence incriminating a passenger among the totality of circumstances establishing probable cause. *See, e.g.*, *United States v. Laihben*, 482 F. App'x 827, 832 (4th Cir. 2012) ("Even if Laihben is correct that the evidence found on Green's person and in the motel room only incriminated Green, she was a passenger in Laihben's car, and this evidence provided probable cause to believe that additional evidence of her criminal activity might be found in that car."); *United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011) (smell of marijuana emanating from vehicle and passenger's admission that he smoked marijuana provided probable cause to search vehicle for illegal drugs).

Moreover, unlike *Davis*, Ogbuagu attempted to hide the car keys from the police, suggesting that there were illegal materials in the vehicle he did not want the police to find. *See, e.g.*, *United States v. Gamory*, 2009 WL 855948, at *16 (N.D. Ga. Mar. 30, 2009) (defendant running away from agents after he parked his vehicle and tossing the keys to the vehicle aside was among totality of circumstances providing probable cause to search vehicle) *aff'd,* 635 F.3d 480 (11th Cir. 2011); *cf. Harris v. United States*, 577 F. App'x 70, 72 (2d Cir. 2014) ("The fact that Harris eventually abandoned his car and discarded items that could link him to the vehicle, notably his car keys, reinforced the probability that the vehicle contained incriminating evidence."). Given that he was found with marijuana on his person immediately after exiting the vehicle, and attempted to prevent the police from opening the vehicle, it was reasonable to think that there was contraband, or some evidence of a crime, in the vehicle.

The totality of circumstances regarding Ogbuagu include that: (i) he was seen driving with Young to the area where the police believed a crime was about to occur; (ii) he exited the vehicle after Young was arrested and apparently threw the keys under a parked car to prevent the police from searching the vehicle; (iii) there was a warrant for his arrest; (iv) he was on parole; (v) he was associating with a suspected gang member; and (vi) he possessed marijuana when he was searched. Considered together, these circumstances establish that there was a fair probability that

there would be evidence of a crime in the vehicle.[3]  The search of Young's vehicle was permissible under the automobile exception to the warrant requirement.

## CONCLUSION

Young's motion to suppress is DENIED.  Dkt. No. 361.

**IT IS SO ORDERED**.

Dated: June 22, 2015



WILLIAM H. ORRICK
United States District Judge

---

[3] Standing alone, the police officers' awareness that Ogbuagu had a warrant out for his arrest, was on parole, and was associating with a suspected gang member, would not provide probable cause to search Young's car.  But in combination with the other circumstances discussed, those facts provide additional bases to believe there may have been evidence of a crime, such as contraband, in the car.