1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                Case No.  13-cr-00764-WHO-1

           Plaintiff,
8                                             **ORDERS REGARDING ALFONZO**
                                              **WILLIAMS'S VARIOUS DISCOVERY**
9         v.                                  **MOTIONS AND MOTION FOR A BILL**
                                              **OF PARTICULARS**
10   ALFONZO WILLIAMS,

           Defendant.                         Re: Dkt. Nos. 359, 362-367, 369, 371, 398-
11                                            400, 402, 392-393

12

13                              **INTRODUCTION**

14          Defendant Alfonzo Williams filed a series of discovery motions that the other defendants

15   joined to address alleged deficiencies in the government's production to date.  All of the joinders

16   are GRANTED.  Williams also moves for a detailed bill of particulars.  Based on the briefing

17   submitted and counsel's argument at the June 4, 2015 hearing, I GRANT Williams's discovery

18   motions in part and DENY them in part, and DENY his motion for a bill of particulars.

19          The government agrees that defendants are entitled to some of the discovery Williams is

20   requesting—in fact, it represents that much of it has already been provided.  There is not complete

21   agreement with the government's representations about discovery, which may stem from the large

22   amount of discovery produced and lack of effective communication between the parties.  In this

23   Order, I identify representations that the government has made and set forth a protocol that will

24   hopefully address the communication (if not substantive) problems.

25          Williams seeks other discovery that the government objects to providing because there is

26   no legal requirement that it do so.  The disputed discovery may very well help the defendants

27   prepare for trial, but I agree with the government that much of it is protected from discovery and,

28

United States District Court
Northern District of California

1    absent case law that supports the defendants' positions, I will not require that it be produced

2    earlier than the dates set forth in the Order Setting Pre-Trial and Trial Schedule.  Dkt. No. 353.

3    **I.      GENERAL DISCOVERY ISSUES**

4        **A.  Discovery production protocol**

5           The government has produced a lot of discovery in this case.  Fourteen months ago, it

6    represented that it was providing eight terabytes of data to the defendants; it is clear that as the

7    defendants have identified more relevant information, either formally or informally, and as the

8    government continues its investigation, significantly more disclosures have been made since.

9           At the outset of this matter, I authorized compensation for a discovery coordinator to assist

10   the defendants.  It was my assumption that this person would be in a position to iron out any

11   difficulties in locating documents that have been produced.  However, Williams and other

12   defendants complain that searching for relevant documents that the government has produced is

13   akin to looking for a needle in a haystack.  That impediment drives up the cost of this case and

14   muddies the resolution of these motions.

15          One way to address this problem is to order, as the government offered at the hearing, that

16   the government's paralegal assist the discovery coordinator in locating the categories of

17   documents sought by the defendants that have been produced.  SO ORDERED.  The discovery

18   coordinator should be a conduit for questions that defense counsel have about the discovery, and

19   the government's paralegal should work collaboratively with the discovery coordinator to resolve

20   any questions.

21          As a matter of national concern, the government has an interest in conserving CJA funds.

22   In this case, it has an interest in avoiding motions for information that it knows it has provided.

23   One way to accomplish that is to be more transparent.  It was surprising to learn at the hearing that

24   the letter notifying the defendants that material has been delivered to Colour Drop, the repository

25   for the documents, provides scant description of what has been delivered besides Bates stamp

26   numbers.  It would be useful to include a more helpful description of the categories of information

27   provided.  If the government has a general index of disclosed materials that would assist the

28   defendants in locating documents, it should make the index available.  I am not suggesting that the

United States District Court
Northern District of California

2

1    government's paralegal provide the government's work-product to the discovery coordinator.  But

2    the paralegal should be reasonably specific about the organization of the documents produced and

3    the general location of requested material.

4         **B.  Native format for phone records**

5         At the hearing on April 3, 2015, the government agreed to determine how best to provide

6    searchable phone records to the defendants.  Figuring out how to do so apparently took much

7    longer than anyone anticipated.  During the hearing on June 4, 2015, the government indicated that

8    virtually all of the problems have been resolved and that any remaining hurdles would be quickly

9    overcome.  I asked if this would be concluded within the week; because the person with

10   knowledge was not present, counsel could not make that representation.  I directed that this be a

11   matter of the highest priority.  If any difficulties remain in providing the defendants with

12   searchable phone records, within seven days of the date of this Order I ORDER counsel for

13   Williams and the government to submit a joint five-page letter to me describing what the problem

14   is.  This issue is important and it should not linger.

15   **II.   WILLIAMS'S SECOND DISCOVERY MOTION [Dkt. No. 363]**

16        **A.  Agreed upon discovery**

17        Williams's Second Discovery Motion seeks seven categories of information.  The

18   government represents that it has provided everything it has concerning (1) all of Williams's

19   statements, (2) all logs concerning surveillance of Williams's house, (3) all non-Jencks *Brady*

20   material and (4) all Rule 16 and non-Jencks Act statements regarding racketeering acts alleged in

21   the Second Superseding Indictment and one racketeering act that was described during the hearing

22   that is not charged.  The government explained that the Second Superseding Indictment includes

23   thirty five overt acts that provide the defendants with the scope of the conspiracy alleged.  With

24   the exception of one additional act that counsel identified at the hearing, and for which discovery

25   has been provided, at this time the government is not aware of other acts that it intends to prove at

26   trial.

27        **B.  Disputed discovery requests**

28        Similar to the issue raised by Elmore in connection with the government's motion for

United States District Court
Northern District of California

United States District Court
Northern District of California

1 | reconsideration, Williams wants me to find that the government and the San Francisco Police

2 | Department are in an agency relationship.  The purpose is to ensure that all *Brady* information in

3 | SFPD's possession is disclosed.  As is set forth in the order on the government's motion for

4 | reconsideration, the government has a duty to turn over all *Brady* material that it has in its

5 | possession and to seek out and obtain *Brady* material in the possession of SFPD that it knows

6 | about or has reason to believe that it exists.  Dkt. No. 406 at 8-9.  The government cannot turn a

7 | blind eye to *Brady* material, but neither is it required to hunt for documents for which it has no

8 | reason to know about.  I do not have the power to require more of it.

9 |       Elmore's counsel referenced the gang files in SFPD's possession, which provide a good

10 | example of how the interplay between the government and SFPD should work.  The government

11 | says that it is aware of the gang files, that there are not many of them concerning the defendants,

12 | and that they have been produced.  These files are obviously relevant, and as a practical matter,

13 | SFPD should have provided them to the government already.  But the defendants can also verify

14 | that such production has taken place by issuing their own subpoena to SFPD, recognizing that if

15 | additional documents are identified they will likely be first given to the government for review.

16 | For this specific example, I ORDER that the government renew its request to SFPD to ensure that

17 | it has obtained all the relevant gang files and that it produce those records in accordance with its

18 | obligations.

19 |       As the investigation continues, the government continues to make recordings of certain

20 | phone calls made from the jail by the defendants.  The government is producing additional

21 | recordings of the defendants on a rolling basis as each recording is delivered to it and reviewed.

22 | Williams referenced a problem in *United States v. Ortiz*, No. 12-cr-00119 (N.D. Cal.) where late

23 | disclosure of numerous jailhouse recordings necessitated a lengthy continuance of the trial, and

24 | asked for disclosure of the recordings within thirty days of the government's receipt of the

25 | recording.  I will not set a hard and fast deadline because I lack information on the process for the

26 | review and who is doing it, but thirty days does not seem unreasonable.  I will require that

27 | government timely produce those recordings, and to alert me at the next hearing if there are any

28 | problems in the production of the recordings.

4

United States District Court
Northern District of California

1    For the foregoing reasons, I GRANT in part and DENY in part Williams's Second

2    Discovery Motion.

3    **III.    WILLIAMS'S MOTION FOR DNA AND PHYSICAL EVIDENCE [Dkt. No. 364]**

4        **A.  Agreed Upon Discovery**

5        Williams seeks a detailed list of information to accompany the disclosure of DNA

6    evidence.  The government responded that it has already produced all DNA reports reflecting the

7    work performed and the resulting conclusions and opinions.  The government also represents that

8    as it completes its DNA analysis, it will provide defendants, on a rolling basis, both the DNA

9    evidence and "discovery packages," which contain the entire file of the testing laboratory that

10   relates to the particular DNA examination performed.

11       **B.  Disputed Discovery**

12       Williams's response objects that the discovery packages do not contain important information,

13   but did not explain why.  At oral argument, his counsel explained that the discovery packages do

14   not contain vital impeachment material, such as the standard operating procedures for the lab and

15   contamination records.  Otherwise, he did not specify what categories of information were not

16   included in the discovery packages other than "all of them."  The government replied that it was

17   well aware of its *Brady* and *Giglio* obligations and that it would produce all impeachment

18   material.

19       Without a better record, I cannot determine that the discovery packages are insufficient.  I

20   agree that the standard operating procedures are relevant and that contamination records should

21   also be produced.  So I will GRANT this motion in part and DENY the remainder without

22   prejudice.

23   **IV.    WILLIAMS'S MOTION FOR PHONE RECORDS [Dkt. No. 362]**

24       **A.  Agreed Upon Discovery**

25       In addition to seeking searchable telephone records, which I discussed in Section I.B,

26   above, Williams also seeks cell tower information.  The government represents that it has provided

27   the underlying cell tower information and has agreed to turn over the other cell tower information

28   as soon as its expert has completed his analysis, no later than the date of expert disclosure.  The

5

1    government has also disclosed the line sheets that provide significant information concerning the

2    phone records.

3    **B.  Disputed Discovery**

4    Williams complains that the analysis of the cell tower information is potentially quite time-

5    consuming and that if it is not turned over immediately, it is possible that the trial would need to

6    be delayed.  The government represented that it would provide the information as soon as its

7    expert had completed his analysis, and that it would be prejudicial to turn it over when the analysis

8    is incomplete.  I agree with the government.

9    Williams also seeks documents showing the telephone numbers from the jail the

10   government wants to tap and all recordings of informants and other alleged gang members,

11   whether or not the recording discloses investigations of other crimes not at issue here.  Williams

12   also wants copies of any informal requests by the government to other law enforcement agencies

13   that identify phone numbers that the government is interested in, and the basis for making the

14   requests to those agencies.

15   While it is certainly the case that the government must turn over applications to a court for

16   search warrants (and the government represents that it has done so in this case), I am unaware of

17   any authority or precedent allowing defendants access to communications between law

18   enforcement entities.  If all letters or emails between law enforcement agencies concerning

19   investigations were required to be produced, it would negatively impact public safety and the

20   ability of those agencies to communicate effectively.  Courts deny requests for communications

21   between law enforcement agencies as not material or, assuming materiality, as protected under

22   Federal Rule of Criminal Procedure 16 (a)(2).  *See, e.g.*, *United States v. Ghailani*, 687 F. Supp.

23   2d 365, 369 (S.D.N.Y. 2010)  (memorandum similar to an order of proof regarding defendant

24   provided by U.S. Attorney's Office to Department of Justice was protected from disclosure under

25   Rule 16(a)(2)); *United States v. Williams*, 792 F. Supp. 1120, 1132 (S.D. Ind. 1992) (denying

26   request for "[a]ll communications, written or oral, with any state or local law enforcement

27   personnel pertaining to the prosecution of this case" as protected from disclosure under Rule

28   16(a)(2), even assuming it was material).

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    Although Williams argues that he cannot effectively use the information he has been

2    provided to investigate this case, the government points out that the Second Superseding

3    Indictment lists dates for certain of the overt acts and offenses charged, that the line sheets contain

4    considerable information about the calls, and that recordings that have been produced also list the

5    telephone numbers called from the jail.  The ability to search the phone records electronically will

6    make them easier to work with.  While there is no doubt that the disclosures sought by defendants

7    would make it easier to prepare their defense, it is an exaggeration to argue that there is no way to

8    prepare the defense in this case.  Without some support in the case law, I will not make the broad

9    order sought by defendants.

10    Williams is concerned that the government is "cherry-picking" the recordings that it is

11    providing to the defendants and he wants all of the recordings of informants and other gang

12    members.  The government does not receive recordings from all of the calls made by the

13    defendants or the informants, and represents that it has disclosed or will disclose the relevant

14    recordings in accordance with the schedule set forth in the Order Setting Pre-Trial and Trial

15    Schedule.  Dkt. No. 353.

16    In light of the above, I GRANT Williams's motion regarding the "agreed upon" discovery

17    listed above and DENY the remainder of the motion.

18    **V.    WILLIAMS'S MOTION FOR WIRETAP INFORMATION [Dkt. No. 365]**

19    **A.  Agreed Upon Discovery**

20    Williams seeks all wiretap information and asks that the government preserve and produce

21    all wiretaps and wiretap-related information pertaining to gang participants.  The government

22    represents that Williams has all the wiretaps and that it will preserve any wiretaps and wiretap-

23    related information pertaining to gang participants that for some reason have not been produced.

24    It also represents that it has produced all wiretap applications, affidavits and orders.  And it will

25    produce interviews, reports of surveillance, reports to introduce informants or undercover agents

26    into the gang pursuant to the Order Setting Pre-Trial and Trial Schedule.  Dkt. No. 353.

27    **B.  Disputed Discovery**

28    The government asserts that probable cause is not required to obtain pen register data

United States District Court
Northern District of California

1    because it is not a 4th Amendment search.  Williams does not argue to the contrary.  Similar to the

2    discussion in section IV.B. above, there is no authority or precedent cited by Williams that the

3    government must produce its requests to obtain the pen register data and I will not require it here.

4    Accordingly, I GRANT Williams's motion with respect to the "agreed upon" discovery listed

5    above and DENY the remainder of the motion.

6    **VI.    WILLIAMS'S MOTION FOR BILL OF PARTICULARS [Dkt. No. 359]**

7         As discussed in the Order Granting Elmore's and Heard's motion for bills of particulars, an

8    important purpose of a bill of particulars is to avoid surprise at trial.  Dkt. No. 406 at 1-4.  The

9    factual theory of the prosecution must be disclosed in the indictment and through discovery—if it

10   is not, a bill of particulars is appropriate.

11        Williams stands in a different position than Elmore and Heard.  The theory of prosecution

12   against him is clearly laid out in the indictment, and he has a great deal of evidence concerning the

13   government's case against him.  Accordingly, while the detailed interrogatories he poses on each

14   portion of the indictment that mentions his name would undoubtedly help him prepare for trial,

15   they are not necessary to explain the government's theory of prosecution.  For this reason,

16   Williams's motion for a bill of particulars is DENIED.

17        **IT IS SO ORDERED**.

18

19   Dated: June 23, 2015

20   

21   WILLIAM H. ORRICK
     United States District Judge

22

23

24

25

26

27

28