UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALFONZO WILLIAMS,<br>Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER GRANTING IN PART ALFONZO WILLIAMS'S MOTIONS FOR DISCOVERY AND REQUIRING MEET AND CONFER**<br><br>Re: Dkt. Nos. 420, 421, 422 |
|---|---|

Defendant Alfonzo Williams filed separate discovery motions to obtain five categories of gang information, Dkt. No. 420, and telephone records of co-conspirators, Dkt. No. 422. The government's opposition essentially agrees to the bulk of the motions as they relate to the CDP and demands greater specificity to the extent Williams seeks the same information concerning other individuals and groups. The government's response is reasonable. I GRANT Williams's motion to the extent that the government has agreed to it in its opposition, and order that the parties meet and confer to the extent there is further disagreement concerning the scope of the requests.

The government agreed to request the gang information sought by Williams from the San Francisco Police Department as it relates to the CDP. Dkt. No. 440, p.3. It further agreed to consider making further requests regarding other gangs if defendant Williams made a specific request identifying the gangs for which he sought information. During oral argument on this motion, the "other gangs" were identified as those named in paragraph 5 of the Second Superseding Indictment. The government objects that this request is irrelevant, overbroad and burdensome.

Within seven days of this Order, defendant Williams shall identify specifically in writing

the gangs for which the gang information is sought other than the CDP, and Mr. Vermeulen and Mr. Frentzen shall meet and confer to determine what gang information other than the CDP information the government is willing to seek.  If agreement is not reached, any defendant may move to obtain the information, explaining specifically the materiality of the evidence.   The requests the government has committed to make should be made promptly.

In response to the motion for telephone records, the government has agreed to provide such records for certain known unindicted co-conspirators if it has the records and they "are not otherwise sensitive, for example, if they relate to unsolved crimes." *Id*., p.4.  The government also agreed to "consider reasonable requests" for additional individuals if defendant Williams identifies them specifically. *Id.*  Again, to the extent that the government's agreement does not moot Williams's request, Williams shall identify the additional individuals whose records are being sought in writing to the government, and if Mr. Vermeulen and Mr. Frentzen are unable to agree after meeting and conferring, defendants may renew their motion, specifically explaining the materiality of the rejected request.

**IT IS SO ORDERED**.

Dated: August 21, 2015



WILLIAM H. ORRICK
United States District Judge