UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ALFONZO WILLIAMS,<br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER ON DEFENDANT ALFONZO WILLIAMS'S MOTION FOR DISCOVERY OF CELL PHONE INFORMATION**<br><br>Re: Dkt. No. 485 |

On September 17, 2015, defendant Alfonzo Williams filed a motion seeking discovery of "[a]ll warrants, applications, subpoenas, orders, reports, memoranda, and correspondence pertaining to the cell phone records disclosed in discovery." Dkt. No. 485. He has since clarified that he seeks only "search warrants, subpoenas, or other such documents the government delivered to private sector cell service providers, such as AT&T Wireless, Verizon, and Sprint, in order [to] seize the cell phone call detail records the government has already disclosed in discovery." Dkt. No. 544 at 1.

As limited, the motion is GRANTED except to the extent that it seeks grand jury subpoenas. Williams seeks the requested documents for the purpose of evaluating and supporting a motion to suppress the cell phone information obtained by the government. *See id.* at 2, 7. The government's principal argument in opposition is that Williams cannot possibly succeed in suppressing this information. *See* Dkt. No. 543 at 2-9. But Williams has pointed to authority, from this district and elsewhere, that supports his position that at least some of the cell phone information at issue here may be suppressed in certain circumstances. *See, e.g., United States v. Graham*, 796 F.3d 332 (4th Cir. 2015) *reh'g en banc granted*, 2015 WL 6531272 (4th Cir. Oct. 28, 2015); *In re Application for Tel. Info. Needed for a Criminal Investigation*, -- F. Supp. 3d -- , 2015 WL 4594558, at *7-12 (N.D. Cal. July 29, 2015) (on appeal); *United States v. Cooper*, No.

13-cr-00693-SI-1, 2015 WL 881578, at *8 (N.D. Cal. Mar. 2, 2015).  His motions to suppress, if any, may ultimately fail, but they are not so hopeless as to prevent the discovery of most of the cell phone information he seeks.  The exception are grand jury subpoenas (to the extent that he seeks them), since Williams has not explained how they are sufficiently material to any suppression issue to justify discovery.

Accordingly, on or before November 16, 2015, the government shall produce to Williams, and to each defendant who joined in this motion,[1] all "search warrants , subpoenas [with the exception of grand jury subpoenas], or other such documents the government delivered to private sector cell service providers, such as AT&T Wireless, Verizon, and Sprint, in order [to] seize the cell phone call detail records the government has already disclosed in discovery."  Dkt. No. 544 at 1.  To the extent that the government has not already done so, the government shall also identify by bates range which of the cell phone records that it has already disclosed pertain to which of the documents it delivered to private sector cell service providers to obtain those cell phone records.

**IT IS SO ORDERED**.

Dated: November 9, 2015

WILLIAM H. ORRICK
United States District Judge

---

[1] The motions for joinder in this motion filed by defendants Reginald Elmore, Dkt. No. 492, Paul Robeson, Dkt. No. 494, Adrian Gordon, Dkt. No. 495, Lupe Mercado, Dkt. No. 501, Charles Heard, Dkt. No. 502, Antonio Gilton, Dkt. No. 503, Monzell Harding, Dkt. No. 504, Jaquain Young, Dkt. No. 510, and Barry Gilton, Dkt. No. 521, are GRANTED.