UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>           Plaintiff,<br>     v.<br>ALFONZO WILLIAMS,<br>           Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER REGARDING PRETRIAL PROCEEDINGS PENDING 18 U.S.C. § 3731 APPEAL**<br><br>Re: Dkt. No. 608 |

Late on Friday afternoon, November 20, 2015, the government filed a Notice Regarding Status of Appeal announcing that, in light of its decision to perfect its 18 U.S.C. § 3731 appeal, it "does not believe that trial in this matter can proceed in March 2016," and that it is "standing down on responding to pending motions and other pretrial deadlines." Dkt. No. 608. The government also stated that it "believes that a formal stay is unnecessary by operation of law," and that, in the alternative, it would respectfully request a stay of proceedings pending the appeal. *Id.* at 2 n.1. Defendants Reginald Elmore, Charles Heard, and Paul Robeson filed responses to the notice this morning. Dkt. Nos. 609-10, 613.

The government is not entitled to "stand down" from complying with this Court's pretrial scheduling orders absent prior order of the Court. It is not entitled to unilaterally announce a stay "by operation of law." The government is correct that "[t]he filing of a notice of appeal is an event of jurisdictional significance," but that event only "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Accordingly, "[s]ince the right to appeal conferred by section 3731 is pinpointed on particular evidentiary rulings, there will be many cases in which the taking of the appeal will not require the district court to relinquish jurisdiction; that court will be able to continue getting the case ready for trial." *United States v. Centracchio*, 236 F.3d 812, 813 (7th

Cir. 2001); *see also United States v. Gatto*, 763 F.2d 1040, 1049-50 (9th Cir. 1985) (rejecting the argument that the district court lost its jurisdiction to dismiss the indictment following the filing of a section 3731 appeal; stating that "the government's right to appeal pretrial suppression orders must be balanced with a defendant's right to proceed to trial on the indictment").

As I stated in the October 26, 2015 Order Deferring Ruling on Motions to Suppress, I will defer ruling on the pending suppression motions filed by defendants Esau Ferdinand and Monzell Harding, both of which raise issues similar to those on appeal. Dkt. No. 541. But the government has not identified, and I am not aware of, any other pending pretrial issues similar enough to those on appeal to risk this Court and the Ninth Circuit "stepping on each other's toes" if I consider and decide the issues now. *Centracchio*, 236 F.3d at 813 (internal quotation marks omitted); *see also United States v. Ienco*, 126 F.3d 1016, 1018 (7th Cir. 1997) (district court lacked jurisdiction to decide certain suppression issues during the pendency of a section 3731 appeal where there was "an almost complete overlap between the appealed and the retained issues"). I will not commence the trial while the government's appeal is still outstanding, nor will I empanel a jury. *See Centracchio*, 236 F.3d at 814. However, I will continue to address the pretrial issues pending before me (other than those that unduly overlap with the pending appeal) and to prepare this matter for trial. Given that the defendants are in jail as they await trial and that all of their lawyers, the government's lawyers and the Court have cleared their respective calendars for three to four months to try this case, starting on March 21, 2016, it is my intention to proceed with the trial as soon as possible after the Ninth Circuit rules.

The hearing set for December 17, 2015 remains in place, and the briefing schedule remains as previously ordered. To the extent that the government's notice can be construed as a request for a stay of all proceedings pending the appeal, it is DENIED.

**IT IS SO ORDERED**.

Dated: November 23, 2015.



WILLIAM H. ORRICK
United States District Judge