UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFONZO WILLIAMS,<br><br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER REGARDING WILLIAMS'S MOTION FOR CAR TRACKING INFORMATION**<br><br>Re: Dkt. No. 479 |

In this discovery motion, defendant Alfonzo Williams seeks

> [a]ll warrants, applications, subpoenas, orders, reports, memoranda, correspondence, reports and data (in useable format) pertaining to vehicle tracking of Mr. Williams' alleged vehicles.

The government responds that it produced vehicle tracker information more than a year ago, including reports interpreting the tracker data, the data itself, and the software required to read it. Prior to the hearing on the motion, it notified Williams that no warrants, applications, or subpoenas exist with respect to the vehicle tracking, and explained at the hearing that the tracking occurred with a GPS tracker. It also represented that the dates of tracking are clear from the data produced. The government also offered to supply a tutorial on the use of the software. In light of what it has produced, and the overbreadth of Williams's request, the government urges that I deny his motion.

    I will. The request is so broad and so vague that it does not allow the government to know what to search for or where to search for it. Nor does it give the government sufficient notice so that it can assess whether to assert any privilege with respect to the documents actually sought.

    Williams relies heavily on *Am. Civil Liberties Union of N. California v. Dep't of Justice*, 70 F. Supp. 3d 1018 (N.D. Cal. 2014) ("*ACLU*"), a FOIA case where the ACLU sought a variety of information concerning the federal government's use of location tracking technology to monitor

and surveil suspects. Williams asserts that in *ACLU*, Magistrate Judge Maria-Elena James declared that the documents he is seeking are in the public domain, and that the government thus lacks a privilege concerning their production. But there are several distinctions between what Williams is seeking here and how he has proceeded, and what the *ACLU* plaintiffs sought and how they proceeded. First, the requests at issue in *ACLU* were much more specific than what Williams has propounded.[1] Second, the specificity of the *ACLU* plaintiffs' requests allowed the government to identify potentially responsive documents, assert exemptions it believed applied, and provide an explanation to the court by means of a *Vaughn* index of the basis for the exemptions so that the court could consider their applicability. Although Williams faults the government for failing to properly assert any privilege, in this case the government has not had a reasonable opportunity to assert a privilege concerning a specific document or category of documents because of Williams's lack of specificity. Third, because of the record presented to the court in *ACLU*, Judge James was able to analyze the applicability of the asserted exemptions. She agreed with the government on some issues, and disagreed on others. *See id.* at 1039. There is no way for me to distinguish, based on Williams's sprawling request, the documents he is and is not seeking, let alone whether any privilege applies.

If Williams is seeking the specific documents that the court ordered produced in *ACLU*, or

---

[1] The *ACLU* plaintiffs requested the following documents:

> (1) All requests, subpoenas, and applications for court orders or warrants seeking location information since January 1, 2008.
>
> (2) Any template applications or orders that have been utilized by United States Attorneys in the Northern District to seek or acquire location information since January 1, 2008.
>
> (3) Any documents since January 1, 2008, related to the use or policies of utilizing any location tracking technology, including but not limited to cellsite simulators or digital analyzers such as devices known as Stingray, Triggerfish, AmberJack, KingFish or Loggerhead.
>
> (4) Any records related to the Supreme Court's holding in *United States v. Jones*, excluding pleadings or court opinions filed in the matter in the Supreme Court or courts below.

70 F. Supp. 3d at 1023.

1  some other particular category of material documents, he should identify them in a future request.
2  Then the government will be able either to object or agree, assert any applicable privilege, and
3  argue whether I should follow a decision under FOIA in this criminal matter.  Because of the
4  overbreadth and vagueness of the request, and the government's production to date, I DENY
5  Williams's motion for further car tracking documents.
6  **IT IS SO ORDERED**.
7  Dated: December 2, 2015



WILLIAM H. ORRICK
United States District Judge