UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFONZO WILLIAMS, et al,<br><br>    Defendants. | Case No. 13-cr-00764-WHO<br><br>**ORDER REVISING PRE-TRIAL SCHEDULE** |

Given the pending interlocutory appeal, and for the reasons previously described, I VACATE the trial date and pre-trial conference dates. In the event the mandate from the pending interlocutory appeal issues on or before April 22, 2016, trial[1] will commence on June 6, 2016 and the pre-trial conferences will be held on May 6, 2016 and May 24, 2016. If the mandate does not issue by April 22, 2016, I will set new dates, or a status conference, once the mandate does issue.

The deadlines below are firm.

**I.    PRE-TRIAL DATES**

    **Six weeks prior to trial**:

        (i)    Jencks Act materials and transcripts[2] produced pursuant to the Heightened Protective Order. Defendants' review date: three weeks before trial.

---

[1] My plan is that the venire will be summoned on the Thursday prior to the trial date to answer questionnaires, that I will meet with counsel the Friday prior to the trial date to review the questionnaires and determine if anyone should be struck on the basis of their answers, and to begin voir dire on the trial date.

[2] Since the defendants speak English, translations of recordings will not be necessary. If any party believes that it will be helpful to the jury to have a transcript of recordings to follow, the transcript should be exchanged by this date to see if agreement can be reached on its accuracy and utility.

**April 15, 2016:**

 (i) File trial memorandum that briefly states the legal bases for the charges and the anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues.

 (ii) File proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Ninth Circuit Manual of Model Jury Instructions. The submission shall contain both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Counsel shall deliver to Chambers a copy of the joint submission, on a CD/DVD in Word format. The label shall include the case number and a description of the documents. Each requested instruction shall be typed in full on a separate page and citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English, and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.
If the parties wish to have a preliminary statement read to the jury, they shall jointly prepare and file the text of the proposed preliminary statement at least seven days prior to the second Pre-trial Conference.

 (iii) Serve and lodge a proposed form of verdict.

 (iv) Counsel shall confer and be prepared to discuss with the Court at the first Pre-trial Conference any anticipated evidentiary objections and any means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.);

 (v) Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. We will discuss the length of follow up voir dire by counsel at the second Pre-trial Conference.

 (vi) File oppositions to motions in limine.

**April 8, 2016**:

 (i) File motions in limine.

**April 1, 2016**:

    (i)    Exchange motions in limine.[3] Any party wishing to have motions in limine heard prior to the commencement of trial must exchange, file and serve same in accordance with this Order.  All motions in limine shall be contained in one document, limited to 25 pages and prepared in accordance with Civil L. R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings. No reply papers will be considered.  The motions will be heard at the first Pre-trial Conference or at such other time as the Court may direct.

    (ii)    Provide lists of recordings.

    (iii)    Provide non-Jencks impeachment for civilians.

**March 8, 2016**[4]:

    (i)    File final exhibit list and serve copies of all marked exhibits on all parties.  One set of exhibits shall be provided to the Court in Chambers *on the Friday prior to the trial date*, in binders, marked, tabbed, and indexed in accordance with Local Rule 16-10(b)(7).  Exhibits shall be identified as follows:

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# TRIAL EXHIBIT 100

CASE NO. _____

DATE ENTERED_____

BY _____

DEPUTY CLERK

---

[3] Contrary to what I indicated in court this morning, parties that are not in the first group (while the groups are not final as of this date, the second group definitely includes defendants Elmore, Heard, Gordon and Ferdinand) do not need to file motions in limine prior to the first trial, and the government need not file motions in limine directed at those defendants.  If there is some reason why motions related to those defendants are appropriate prior to the first trial, I am not precluding them.

[4] I recognize that the government this morning requested a later deadline because of the reply brief and argument in the pending interlocutory appeal.  However, to maintain the symmetry of the disclosure dates from the original Pre-trial and Trial Order, to which the government initially agreed, and since this deadline is already eleven weeks later than the original deadline, I am maintaining the March 8 deadline.

Blocks of numbers shall be assigned to fit the needs of the case (e.g., Plaintiff has 1-999, Defendants have 1000 and above). The parties shall not mark duplicate exhibits (e.g., plaintiff and defendant shall not mark the same exhibit; only one copy of the exhibit shall be marked).

Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

     (ii)    File Jury Questionnaires.

     (iii)    Exchange and lodge with the Court a final witness list, including a brief summary of the testimony of each witness, disclosed pursuant to the Heightened Protective Order; defendants review date is three weeks before trial.

## II. ADDITIONAL MATTERS

A. <u>Trial Days</u>

The normal trial schedule will be from 8:00 a.m. to 1:00 p.m. (or slightly longer to finish a witness), with two fifteen minute breaks. Trial is usually held from Monday through Friday. If there are matters that need to be taken up outside the presence of the jury, alert the Courtroom Deputy and they will be taken up before the jury arrives in the morning or after they leave. Side bar conferences will not be allowed absent extraordinary circumstances.

B. <u>Opening Statements</u>

Parties must meet and confer to exchange any visuals, graphics, or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available on the Friday before trial to discuss with the Court any disagreements.

C. <u>Exhibits</u>

No witness may be shown a document or other object until it has been marked for identification using an exhibit number. Without the express permission of the Court, the jury may not be shown an exhibit until admitted into evidence or stipulated to as admissible by the parties.

D. Copies

Each document filed or lodged with the Court must be accompanied by a three-hole punched copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

E. Transcripts

Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

F. Change of Plea

Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

Dated: January 22, 2016



WILLIAM H. ORRICK
United States District Judge