UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

ALFONZO WILLIAMS,

          Defendant.

Case No. 13-cr-00764-WHO-1

**ORDER DENYING DEFENDANT ELMORE'S MOTIONS FOR RECONSIDERATION AND TO UNSEAL AND PRODUCE EX PARTE COMMUNICATIONS**

Re: Dkt. No. 786

Defendant Elmore's motions for reconsideration and to produce ex parte communications, Dkt. No. 786, challenge my decision to hold an ex parte hearing regarding witness safety following a motions hearing in this case on December 17, 2015. I heard argument on the motions on January 22, 2016. Dkt. No. 829. They are DENIED.

As I have indicated, during December 2015 I was in the process of revising the case management calendar because the pending interlocutory appeal renders it impossible to set a firm trial date. I was obliged to consider a host of issues with respect to case management, including among them the parties' ability to prepare for trial and the concerns the government has repeatedly expressed in open court regarding the safety of its witnesses.

Immediately after the hearing on December 17, 2015, I became troubled that my annoyance at the government's failure to disclose documents on October 21, 2015 and subsequent declaration that it would suspend briefing as a result of its interlocutory appeal had caused me to inadequately consider the government's witness safety concerns when thinking about the revision to the case management schedule. The government had demonstrated obvious sensitivity in discussing specifics concerning witness safety in open court. As I reluctantly came to the realization that the trial will not start nearly as soon as I had planned because of the appeal, I also recognized that if I required disclosure of all witnesses as I had indicated at the hearing on

United States District Court
Northern District of California

1   December 17, 2015, an indeterminate amount of time would pass between the required disclosure

2   of witnesses, including confidential informants, and trial.

3            While knowing, as defendants argue, that ex parte communications are "the disfavored

4   exception" to adversary proceedings in criminal cases, *United States v. Thompson*, 827 F.2d 1254,

5   1257 (9th Cir. 1987), I considered it my duty to gain a more complete understanding of the

6   government's witness safety concerns.  I did not believe that I could test those concerns in open

7   court because it would inevitably force the government to provide the identifying information it

8   was striving to protect.  As the government's memoranda indicate, I am not alone in this District,

9   let alone in the Ninth Circuit, in holding an ex parte hearing for this purpose.

10           The information I gleaned during the ex parte hearing has no bearing on the merits of this

11  case.  Defendant Elmore's concerns that it will have some overarching impact on my pre-trial and

12  trial rulings or in sentencing are misplaced; the information is not a consideration in any of the

13  other motions before the Court, will not be a consideration at the trial, and certainly will not be at

14  sentencing, if any defendants are found guilty, since I will have heard more than three months'

15  worth of evidence concerning them and the alleged enterprise.  On the other hand, I believed and

16  continue to believe that I have a responsibility to the administration of justice to consider the

17  safety of witnesses as part of case management, and that I would have shirked that duty in this

18  case if I had not held the ex parte hearing, even though it meant doing so without defense counsel

19  present.  Under the circumstances of this case, I felt (and still feel) that it was the appropriate

20  course to take.  Allowing defense counsel to review the transcript of the hearing at this time would

21  undermine the very reason I ordered that the hearing occur.

22           In settling on a revised case schedule, I evaluated the defendants' case preparation needs.  I

23  have heard many motions since I set the original calendar in April 2015, and I know a lot more

24  about the case than I did when I set the original dates.  I decided to stick with the original time

25  frames from the Order Setting Pre-trial and Trial Schedule, Dkt. No. 353, except that I will not

26  require the identification of cooperators and material witnesses until the mandate is received from

27  the Ninth Circuit, a firm trial date has been set, and Jencks Act material is due six weeks before

28  trial.

United States District Court
Northern District of California

1        I accept defense counsels' representations that the case against defendants Elmore and

2   Heard is based in large measure on the testimony of one or more people who have not yet been

3   identified by the government; identification now would certainly give clearer focus to their

4   investigations.  Pre-trial disclosure is required to do the necessary investigation to attack witness

5   credibility.  But I also conclude that six weeks should be sufficient for that purpose.  If I am

6   wrong, it is worth noting that counsel have estimated that the trial will last at least three months.  I

7   will consider reasonable witness scheduling requests, upon a proper showing, to delay cross-

8   examination of the unnamed witnesses in order to give defendants more time to investigate.

9        For all the reasons ex parte hearings are disfavored, I understand why defendants filed

10  these motions.  However, my case management decision does not interfere with the defendants'

11  right to a fair trial.  I stand by my decision.

12       **IT IS SO ORDERED**.[1]

13  Dated: January 27, 2016

14

15       WILLIAM H. ORRICK
         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] All motions for joinder in Elmore's motions, including Dkt. Nos. 790, 793, 801, 812, and 822, are GRANTED.

3