UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFONZO WILLIAMS,<br><br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER REGARDING SAN FRANCISCO POLICE DEPARTMENT'S MOTION TO QUASH AND DEFENDANT WILLIAMS'S MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 542, 580 |

The San Francisco Police Department ("SFPD") investigated the Central Divisadero Players ("CDP") and some of its alleged members for years before federal prosecutors decided to bring this RICO case against ten of its alleged members.[1]  The government has not designated SFPD as its agent in this investigation, even though it will necessarily rely on the work SFPD did in prior years, and even though the Gang Task Force, which continues to work on this case, includes both federal and SFPD personnel.  Other officers at SFPD, I presume, also continue to investigate criminal conduct in which they suspect CDP members are involved.

One advantage for the government in not designating SFPD as its agent is to limit its *Brady* obligations.  The government has *Brady* obligations with respect to information in its possession as well as information it has reason to believe exists in the possession of other law enforcement agencies.  Dkt. No. 406 at 9 (Order of June 19, 2015).  But it does not have to scour SFPD files for *Brady* material in the same manner that it would if SFPD were its agent.

The defense believes that, wittingly or not, the government has failed to secure all the evidence relevant to this case in the possession of SFPD.  After failing to convince the government to get such evidence from SFPD, the defense served a broad subpoena on SFPD, identifying

---

[1] An eleventh defendant, Lupe Mercado, is not alleged to be a CDP member.

United States District Court
Northern District of California

twenty six nonparties ("the named individuals") about whom they assume SFPD has discoverable information, including *Brady* as well as impeachment material if one or more of the named individuals are informants.  The named individuals are listed on Exhibit A to the subpoena, which is filed under seal.  The defense asserts that the requested information will include exculpatory evidence that bears on what CDP is, who its members are, and who has or has not committed or been involved in past crimes.

The information I have concerning the named individuals is slim.  The defendants have asserted that the named individuals may be witnesses or are otherwise knowledgeable about the facts and circumstances alleged in the Second Superseding Indictment.  The government and SFPD have made no statements at all concerning them.

Defendants assert that they have not obtained the following in gang-related discovery:

a.  informant materials: memos, notes, statements, and reports regarding information from CDP members, informants, associates, or affiliated or rival gangs as to CDP membership and structure;

b.  Task Force memoranda, notes regarding structure, membership and activities of CDP;

c.  unsolved criminal activities by alleged CDP members or associates;

d.  charts of CDP structure, even though one report, the arrest of Antonio Gilton, refers to one such material as a "gang board;"

e.  moniker lists; and

f.  documents pertaining to the majority of the co-conspirators.  This includes field cards, reports, and photographs.

Grele Decl. ¶ 5 (Dkt. No. 834).  By a declaration from Ms. Wagner, who does not have personal knowledge, SFPD contends, among other things, (1) that it does not have any documents responsive to some of these categories, (2) that the *Rovario* privilege precludes discovery to other of the categories; and (3) that production of the requested materials would be unduly burdensome.  Dkt. No. 762.

Because the government refuses to take any *Brady* responsibility to review the subpoenaed documents, and because SFPD has no *Brady* obligations and is not a party in this case, I am left

2

United States District Court
Northern District of California

1   with the unenviable options of hoping that SFPD has produced all appropriate documents to the

2   government even though it is not acting as its agent and has no *Brady* obligations, or reviewing the

3   documents myself.  As a first step, I will review the documents myself and require SFPD to

4   explain how it has gathered them.

5         I ORDER that SFPD produce, in camera, the documents described in (a) - (f) above by

6   February 26, 2016.  The documents shall be accompanied by an unsealed declaration filed in ECF

7   that describes the extent of the search for the documents by the person who conducted or

8   supervised the search.  A separate declaration may be filed under seal that describes the basis for

9   any asserted privilege on a document by document (or, if appropriate, file by file) basis.  I limit

10   SFPD's obligations to search and produce documents and files to those that the persons with the

11   most knowledge about CDP (including TFO Jackson) have reason to know exist.  The obvious

12   examples of materials that must be produced are alpha files or commonly held files on the named

13   individuals, if any such files exist.  On the other hand, SFPD is not required to search for incident

14   reports scattered throughout SFPD station houses of which TFO Jackson and other people

15   especially knowledgeable about CDP and the Uptown gangs are not currently aware.  The

16   declaration shall evidence the good faith efforts of SFPD to locate the requested records and to

17   comply with this Order.

18         I also ORDER that SFPD produce to me in camera, on or before February 12, 2016, any

19   and all versions of the Informant Management Manual in use between 1997 and the present.

20   SFPD objects to the production of the Manual, asserting that it contains sensitive information that

21   is protected by the "Federal Official Information Privilege" and that is not material to this case

22   since the government has represented that it is not calling any SFPD informant as a witness.

23   Defendants respond that the Manual may contain important information concerning SFPD's

24   document retention policies, which defendants believe may have been violated in this case.

25   Defendants also contend that the Manual may contain policies or guidance that bear on the

26   credibility and reliability of SFPD's investigations into a variety of conduct that the government

27   may seek to introduce at trial.  SFPD's blanket assertion of privilege was waived when the

28   government used the Manual as an exhibit in *United States v. Furminger*, 14-cr-00102-CRB, with

a high-ranking SFPD official.  Magistrate Judge Cousins also allowed its production in *United States v. Alvarez*, 14-cr-00120-EMC.  Without reviewing the Manual, it is difficult to evaluate its materiality, or to balance defendants' need for it against SFPD's asserted interest in keeping it confidential.[2]

   **IT IS SO ORDERED**.

Dated: February 9, 2016



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

---

[2] All motions for joinder in Williams's motion to compel are GRANTED.  *See* Dkt. Nos. 587, 594, 595, 596, 597, 600, 607, 641, 666.