UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

            Plaintiff,

   v.

ALFONZO WILLIAMS,

            Defendant.

Case No. 13-cr-00764-WHO-1

**ORDER REGARDING MOTIONS TO SUPPRESS BY ALFONZO WILLIAMS**

Re: Dkt. Nos. 619, 620, 621

      Defendant Alfonzo Williams filed motions to suppress a search of his residence in 1997 (Dkt. No. 619), the cell phone search that followed his arrest for the murder of Calvin Sneed (Dkt. No. 620), and various statements he made after being taken into custody (Dkt. No. 621). The government agrees that it will not introduce any of the items taken in the 1997 search; the motion to suppress that search is GRANTED. The government also agrees that it will not use the statement, "That ain't what happened, but it makes sense," and so the motion to suppress that statement is GRANTED. The ruling on Williams's booking statements will be deferred until the Ninth Circuit rules on the pending interlocutory appeal.

      That leaves the cell phone search. The pertinent facts are that Williams was arrested by state police at a gas station in Fairfield, California at approximately 11:30 p.m. on July 4, 2012. He chose to be booked in San Francisco; he was processed, booked, and his cell phone was downloaded at approximately 3:57 a.m. in San Francisco on July 5, 2012. The FBI later obtained a search warrant for the cell phone on September 27, 2012.

      I previously discussed the law concerning warrantless searches of cell phones incident to arrest in an order granting defendant Monzell Harding's motion to suppress a search that occurred in 2010. Dkt. No. 632. The analysis starts with *Riley v. California*, 134 S. Ct. 2473 (2014), which holds that the police need a warrant to search digital information on a cell phone seized incident to arrest. But that holding is not retroactive. The critical question in Harding's case, and in this one, is whether there was any governing law authorizing a warrantless search of cell phones at the time of the search, because the evidence obtained during a search conducted in reasonable reliance on

1   such precedent is not subject to the exclusionary rule.  *See Davis v. United States*, 131 S. Ct. 2419
2   (2011).
3       The good faith exception to the exclusionary rule did not apply to Harding's 2010 search
4   because of the lack of binding state or federal authority authorizing it.  Dkt. No. 632, p.3-5.  The
5   search of Williams's phone in 2012 is different because in 2011, the California Supreme Court
6   decided *People v. Diaz*, 51 Cal.4th 84 (2011), which upheld a warrantless, delayed search of a cell
7   phone seized incident to arrest.  It allowed such a search "even [where] a substantial period of time
8   has elapsed between the arrest and subsequent administrative processing, on the one hand, and the
9   taking of the property for use as evidence, on the other," and even if the property subject to search
10  at the time of the arrest "is not physically taken from the defendant until sometime after his
11  incarceration."  *Id.* at 92 (internal quotation marks omitted).
12      It is of no moment under *Diaz* that Williams's cell phone was not downloaded for more
13  than four hours after Williams's arrest, while he was being transferred at his request to San
14  Francisco.  *Diaz* was binding precedent authorizing the search in 2012.  The officers therefore
15  acted with objectively reasonable reliance on the governing law at the time.  The good faith
16  exception to the exclusionary rule applies and Williams's motion concerning the cell phone search
17  following his arrest in 2012 is DENIED.
18      In summary, Williams's motion to suppress a search of his residence in 1997 (Dkt. No.
19  619) is GRANTED.  His motion to suppress the cell phone search that followed his arrest for the
20  murder of Calvin Sneed (Dkt. No. 620) is DENIED.  His motion to suppress the statement, "That
21  ain't what happened, but it makes sense," is GRANTED, and the remainder of his motion to
22  suppress statements he made after being taken into custody (Dkt. No. 621) is DEFERRED
23  pending the ruling on the pending interlocutory appeal.
24      **IT IS SO ORDERED**.
25  Dated: February 22, 2016



WILLIAM H. ORRICK
United States District Judge