UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALFONZO WILLIAMS,<br><br>    Defendant. | Case No. 13-cr-00764-WHO<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND ADDRESSING DEFENDANT HEARD'S SUPPLEMENTAL MEMORANDUM AND DEFENDANT WILLIAMS'S OBJECTION TO UNSEALING SUBPOENA**<br><br>Re: Dkt. Nos. 820, 877, 894 |

On February 23, 2016, the San Francisco Police Department ("SFPD") filed a motion for extension of time seeking an additional two weeks to complete the in camera production required by the February 9, 2016 Order Regarding San Francisco Police Department's Motion to Quash and Defendant Williams's Motion to Compel (Dkt. No. 875) (the "Prior Order"). No party has objected to the request, and it is GRANTED. The in camera production is due by March 11, 2016. The Prior Order also requires the SFPD to file an unsealed declaration describing the extent of the search for the documents to be produced in camera, and allows the SFPD to file a sealed declaration describing the basis for any asserted privileges with respect to the documents. Prior Order at 3. The deadline for these declarations is also extended to March 11, 2016.[1]

On February 14, 2016, defendant Charles Heard filed a "supplemental memorandum" asking that any assertion of privilege by the SFPD be filed publicly on the docket and in

---

[1] Shortly before this Order was issued, the SFPD submitted an in camera production pursuant to the Prior Order and filed an unsealed declaration by Sergeant Jackson describing the extent of his search to date. *See* Dkt. No. 900. Sergeant Jackson states that his "time available to search for responsive documents was limited" by various factors, and that the SFPD Gang Task Force "is continuing to review its files" for responsive documents. *Id.* at 3. By March 11, 2016, the SFPD shall submit its complete in camera production and an unsealed declaration describing the complete extent of its search for responsive documents.

conformity with the requirements set out by the Hon. Wayne D. Brazil in *Kelly v. City of San Jose*, 114 F.R.D. 653, 668-70 (N.D. Cal. 1987).  *See* Dkt. No. 877 at 204.  If the SFPD and/or United States have any objection or other response to this request, they shall file it by March 4, 2016.

Heard further asks that the SFPD Informant Management Manual, which the SFPD has already produced in camera, be made available to the defense under an appropriate protective order.  *See id.* at 2.  I will wait until the SFPD has submitted its declaration describing the basis for any asserted privilege to decide this issue.  If the SFPD contends that certain sections of the manual are more sensitive than others, it should specify the basis for its concerns and any additional privileges that might apply to those sections.

Finally, on January 20, 2016, defendant Alfonzo Williams filed an "Ex Parte Objection to Unsealing Subpoena" and "Request for Sealing and Protective Order" seeking (1) to seal the motion filed by the SFPD at Dkt. No. 542 on the ground that the motion lists the contents of a sealed subpoena; and (2) a protective order prohibiting further disclosure of the sealed subpoena.  *See* Dkt. No. 820.  Any objection or other response to Williams's filing shall be submitted by March 11, 2016.

**IT IS SO ORDERED**.

Dated: February 26, 2016



WILLIAM H. ORRICK
United States District Judge