United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

     v.

ALFONZO WILLIAMS,

        Defendant.

Case No. 13-cr-00764-WHO-1

**ORDER REGARDING SAN FRANCISCO POLICE DEPARTMENT DISCOVERY**

In light of the broad-ranging subpoena of defendant Alfonzo Williams for gang-related discovery from the San Francisco Police Department ("SFPD"), the government's decision to not assert that SFPD is its agent in this case, and SFPD's general objections to production of the requested documents, I ordered SFPD to produce the requested documents to me and have now reviewed them. This Order describes in general terms the documents produced to me and directs the government and SFPD to take steps concerning them.

I have received the following in a series of disclosures by SFPD:

1. The Informant Management Manual (the 1998 and 2013 versions).

2. A CD with the February production (the "February CD") that includes mugshots, a memo and photographs regarding graffiti, and PDFs of incident reports.

3. A CD with the March production (the "March CD") that includes documents regarding four other incidents.

4. A binder with various printouts regarding the criminal histories of eight individuals.

5. A binder consisting primarily of field interrogation cards.

6. A binder containing a variety of photographs, memoranda, letters, internet investigations, internal confidential interviews and memoranda, and mugshots. Some of the documents in the binder were used during Sgt. Jackson's testimony at the

1    *Daubert* hearings.

2    Accompanying the disclosures were declarations from Ms. Wagner and Sgt. Jackson.  Ms.

3  Wagner set out some general objections to disclosure of the produced materials while Sgt. Jackson

4  described how he searched for the requested documents.  Neither made particularized, document

5  by document objections.  Unhelpfully, only the March CD is bates-numbered.

6  I.    **THE INFORMANT MANAGEMENT MANUAL**

7    SFPD challenges production of the Informant Management Manual because, among other

8  reasons, it contains sensitive information that is not material because the government has

9  represented that it will not call any SFPD informants as witnesses.  The defendants argue that the

10  Manual contains important document retention and other policies that may have been violated in

11  this case.

12    The defendants have not demonstrated that the entire Manual is relevant, but I agree with

13  them that the document retention aspects of the Manual may bear on the completeness of the

14  discovery that they have received, the investigations performed by SFPD that are relevant to this

15  case, and other relevant trial issues.  Accordingly, I ORDER that SFPD produce within two weeks

16  the following in unredacted form: Section IV D.5-G in the 1998 Manual and Section IV B.4b-6,

17  E.1, F, and G in the 2013 Manual.  It need not produce any other portion of the Manual at present.

18    Further, I direct that the government confirm that it will not call any witness who has been

19  an SFPD informant.  Within 14 of the date of this Order, the government shall file a notice either

20  confirming that it will not call any witness who has been an SFPD informant, or stating that it

21  cannot so confirm at this time, in which case I will reconsider whether production of other

22  portions of the Manual is appropriate.

23  II.    **THE OTHER DOCUMENTS**

24    SFPD has objected to the production of the other documents on a variety of grounds.

25  Given the lack of specificity in SFPD's responses, however, the showing Williams made prior to

26  issuance of the subpoena has not been rebutted.  In arguing the factors set forth in *United States v.*

27  *Nixon*, 418 U.S. 683, 688 (1974), SFPD emphasized that defendants were on a fishing expedition.

28  But the documents sought are evidentiary and, in light of the government's failure to obtain them

United States District Court
Northern District of California

from SFPD, they are not procurable reasonably in advance of trial by exercise of due diligence. Williams asserts that the documents are relevant; no one has attempted to show otherwise, leading to the conclusion that trial preparation is adversely affected by the failure to produce them. The documents concern either the defendants or people who live in the same neighborhood as the defendants and who appear to have been involved in incidents with the defendants. Accordingly, I am only concerned at this point with whether a privilege would preclude production, and as to that, SFPD has not objected in a way that allows me to evaluate the assertion of any privilege.

In addition to SFPD's failure to explain on an individualized basis why any particular document should not be produced, it is also unclear which documents have been produced to the defendants already. Although Sgt. Jackson indicated that SFPD no longer has documents given to the government for the investigation and prosecution of this case, SFPD did produce to me documents that were introduced during Sgt. Jackson's testimony. Given that some other documents produced to me involve the named defendants, I assume that many of the documents that I received have already been produced.

There are a handful of documents for which a privilege would obviously apply. Others include civilian and witness names, about which the government has shown sensitivity throughout this prosecution. That said, I am inclined to allow production of virtually all the documents under the heightened protective order for attorney's and investigator's eyes only *unless* SFPD and/or the government file what I expected weeks ago: a document by document objection to those documents about which it has particular concerns.

I ORDER that SFPD and/or the government make any particularized objection within fourteen days of the date of this Order. To repeat, generalized, non-document-specific objections are not helpful. At the very least, the objections must identify the specific category of privileged documents (e.g., documents regarding a particular incident or particular individual). In the objections, SFPD or the government may disguise the identity of the person who is the subject of the document. The objections shall not be filed under seal. No extensions will be granted – this issue has been pending for too long as it is.

Defendants may respond to the objections seven days thereafter. I will hear argument on

United States District Court
Northern District of California

1    May 6, 2016.

2         Williams's request that SFPD's motion to quash be sealed on the ground that it excerpts

3    his sealed subpoena is GRANTED.  *See* Dkt. No. 820.  The Clerk shall SEAL the motion to quash,

4    Dkt. No. 542, and the parties shall continue to treat Williams's subpoena as a sealed document.

5         **IT IS SO ORDERED**.

6    Dated: April 8, 2016

7    _____

8    WILLIAM H. ORRICK
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California