UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONZO WILLIAMS,<br><br>Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER REGARDING DEFENDANT ELMORE'S PLACEMENT WITH THE SECOND TRIAL GROUP** |

Defendant Reginald Elmore filed a memorandum in opposition (Dkt. No. 1814) to my Order Regarding Trial on July 16, 2018 (Dkt. No. 1807). His speedy trial rights are not being violated by his inclusion with the second group of defendants: there is a pending appeal related to the Sneed murder that directly affects his co-defendants (U.S. Notice of Appeal, Dkt. No. 928; Ninth Circuit Case No. 16-10109); this racketeering case is complex, as suggested by the 1822 docket entries thus far and the nature of the first trial; and, for the reasons I have indicated before, the ends of justice do not weigh in favor of a separate trial for Mr. Elmore alone. 18 U.S.C. § 3161(h)(1)(C), (6), and (7); *see United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1995) ("Every circuit to consider this section [current § 3161(h)(6)] has concluded that 'an exclusion as to one defendant applies to all co-defendants.'") (citations omitted).

I need not repeat the analysis in my Order Denying Elmore's Motion to Dismiss Under The Speedy Trial Act, filed on October 30, 2017. Dkt. No. 1439. There, I explained why the delay in this case for Elmore has been long, but not unreasonably so. The issue now is whether requiring him to be tried with the second group of defendants, which may not occur until May 6, 2019, as opposed to having a separate trial on July 16, 2018, is unreasonable. In addition to incorporating my reasoning from the prior Orders on this subject, I add the following.

More than three years ago, I decided to split the defendants in this RICO conspiracy case

into two groups for trial, over the government's objection. The trial of the first group of five defendants began with jury selection on October 23, 2017, and concluded with the jury's verdict on March 5, 2018. I impanelled 6 alternates; a total of 17 jurors were present for the entire trial, which ran four days a week, 8 a.m. to 1 p.m. (exclusive of daily morning sessions outside the presence of the jury). More than 150 witnesses were called. Included among them were a number of victims and family members of victims, whose testimony was clearly stressful for them. Three cooperators testified. Two cooperators, about whom there were and are security concerns, were on the stand for several days.

I planned to try the remaining six defendants together as soon as counsels' conflicts cleared following the conclusion of the first trial. Dkt. No. 1649. When I set the July 16, 2018 trial date for the second group at a status hearing on January 26, 2018, I indicated that I would proceed with the trial of defendants Robeson and Elmore together on July 16, 2018 even if the mandate on the pending appeal had not been returned to this court, because neither of those defendants' conduct was directly implicated by the pending appeal. *See* Dkt. No. 1649.[1] With two defendants in the mix, the balance of the ends of justice seemed to me to tip to holding a third trial despite the time it would take, the number of witnesses expected to be called, the impact on the victim-witnesses of having to testify an additional time, the security concerns for protection of cooperators, the need to impanel 18 jurors for a lengthy trial, and the burden on this court's calendar, staff and docket.

By the time of the next status conference on April 19, 2018, it became obvious that the mandate from the Ninth Circuit would not be returned in sufficient time before July 16, 2018 to allow the trial of all six remaining defendants. Dkt. No. 1797. I made clear at that hearing that I would still prefer to try the remaining defendants at one time, but that I would hold the July 16, 2018 trial unless just one defendant remained to be tried. Robeson has since pleaded guilty.

It is, as Elmore points out, possible to try him separately on July 16, 2018. The pending interlocutory appeal relates to evidence in the Sneed murder, and neither Elmore nor the five first

---

[1] During the first trial, the government put on considerable evidence alleging Mr. Elmore's involvement in a murder near USF, a shooting at a funeral, and other conduct with CDP. By contrast, Mr. Robeson's name was only mentioned three times during the trial; no evidence was introduced regarding any violent acts.

2

group defendants were involved directly in it. The government correctly notes that the pending appeal "concerns" Elmore because he is charged in Count One with being a member of a RICO conspiracy involving murder, and one of the murders the government included in its theory of the case is Sneed's. But since the government was prepared to try Elmore before with the first group without a resolution of the pending appeal, the question I should decide is whether a further delay is proper under the circumstances of this case.

In this regard, it seems likely that a separate trial for Elmore would be shorter than the first group trial. *But see* Dkt. No. 1816 (Gov't Response at 3-5). By any measure, though, the trial would be long.

Considering the prejudice of further delay, extended pretrial detention creates prejudice. While Elmore's successful severance on the eve of the first trial did not include a concomitant right to force a separate trial sooner than the other defendants in group 2, neither should he be penalized for his motion. As for prejudice in the presentation of evidence, Elmore has cited none. Indeed, he moved for a severance so that a co-defendant in the first group could testify at a later trial, and by not participating in the first trial he has had the benefit of seeing the vigorous and lengthy cross-examination of the principal witness against him on the murder charge (a cooperator) and the evidence that was presented at the first trial of other alleged crimes in which the government asserts that he was involved.

In *United States v. Messer*, 197 F. 3d 330 (9th Cir. 1999), serious questions were raised about the reasonableness of the delay in bringing a conspiracy case to trial, and the Ninth Circuit found that there was a speedy trial violation concerning three of the four defendants. *Id*. at 388. An important factor there was that it was unnecessary to make three defendants wait for the fourth co-defendant in the conspiracy to be tried in a different court, particularly "because the reality of the situation was such that the delay did not increase the likelihood of a joint trial…." *Id.* at 338; *see id.* (noting that the co-defendant was tried separately for much more serious offenses in another state that resulted in a sentence of 660 years: the court found that "there was a high probability that a very lengthy sentence would be imposed if he were convicted" in that case). That is certainly not the case here; the delay insures that a joint trial *will* occur as soon as the

3

1 remaining defendants can be tried. *See United States v. Hall*, 181 F.3d 1057 (9th Cir. 1057, 1062)
2 (the purpose of § 3167(h)(7) is "to facilitate the efficient use of judicial resources by enabling joint
3 trials where appropriate.")

4 Also unlike the circumstances in *Messer*, here there were eleven defendants; I split them
5 into two groups for trial and I tried the first group as soon as possible after the resolution of one of
6 the interlocutory appeals. The second group will be tried by May 6, 2019 or as soon as the final
7 interlocutory appeal is resolved and defense counsels' other trial conflicts cease. As has been the
8 case since I first set a trial date in this case for March 21, 2016, the trial of this matter has priority
9 on my calendar.

10 When I consider the ends of justice, I must consider the impact on all of the trial
11 participants, which is the purpose of § 3167(h)(7), and the effect of the pending interlocutory
12 appeal, as well as Elmore's desire to have a separate trial and his lengthy pretrial detention. In
13 light of all of these factors, under the totality of the circumstances, I find that Elmore's speedy trial
14 right is not violated by trying his case with the second group of defendants. The ends of justice
15 would not be met with a separate trial for Elmore. I will try the second group's case as soon as the
16 mandate is returned to this court by the Ninth Circuit and all of defense counsels' conflicts are
17 cleared.

18 The current trial date is May 6, 2019, but I will advance it if defense counsels' conflicts are
19 resolved earlier after the mandate from the pending appeal is returned. For the reasons set forth
20 above, I find that time is excluded for Mr. Elmore's trial until May 6, 2019.

21 **IT IS SO ORDERED.**

22 Dated: June 5, 2018

William H. Orrick
United States District Judge