DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
PHILIP KOPCZYNSKI (NYBN 4627741)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    kevin.barry@usdoj.gov
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CR 13-764 WHO |
|---|---|---|
| Plaintiff, | ) ) | **UNITED STATES' SENTENCING MEMORANDUM RE: ALFONZO WILLIAMS** |
| v. | ) ) |  |
| ALFONZO WILLIAMS, et al., | ) ) |  |
| Defendants. | ) ) |  |

The defendant, Alfonzo Williams, appears before the Court for sentencing after having pleaded guilty to Counts One and Four of the Second Superseding Indictment. He pleaded guilty with a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In his plea agreement, he admitted he was part of the charged RICO conspiracy and participated in the murder of Calvin Sneed. Dkt. 2114 ¶ 2. He and the government agreed to a sentence of 25 years of imprisonment, five years of supervised release, a $200 special assessment, and a fine and restitution as determined by the Court. *Id.* ¶ 8.

The government urges the Court to accept the plea agreement and impose the parties' agreed-upon sentence. The Probation Office recommends this disposition as well.

The question of restitution remains outstanding. The mother of Calvin Sneed, and perhaps other victims, may submit victim impact statements and claims for restitution. The government has diligently solicited input and loss information from Ms. Sneed, but she has not yet returned the necessary paperwork. In a recent conversation, Ms. Sneed told the government's victim specialist that she does not plan to attend the sentencing hearing but will submit a statement. As part of that statement, she may claim certain losses, such as funeral expenses, that are appropriate for a restitution order. Williams, for his part, has "agree[d] to pay full restitution for all losses caused by all the schemes or offenses with which [he] was charged in this case." Dkt. 2114 ¶ 10. Given this state of affairs, the government provides notice under 18 U.S.C. § 3664(d)(5) that victims' losses are not ascertainable by 10 days prior to sentencing, and asks the Court to delay a final decision on restitution by 90 days.

Dated: September 23, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
KEVIN J. BARRY
PHILIP KOPCZYNSKI
Assistant United States Attorneys